UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| LORENZO TAVAREZ, | ) |
| --- | --- |
| Petitioner, | ) |
| vs. | ) Case No. 1:12-cv-00356-WTL-MJD |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, Lorenzo Tavarez's request for relief pursuant to 28 U.S.C. § 2255 is **denied**. A certificate of appealability is also **denied**.

## I. Background

Following a jury trial, on May 14, 2009, Tavarez was found guilty of two counts of distributing 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). Tavarez appealed his conviction to the Seventh Circuit. *See United States v. Tavarez*, 626 F.3d 902 (7th Cir. 2010). In that appeal, Tavarez challenged the district court's failure to give a "missing witness" instruction based on the disappearance of the confidential informant who participated in two controlled drug buys from Tavarez. *Id.* Tavarez additionally argued that the evidence was insufficient to allow a jury to convict him. *Id.* The Seventh Circuit rejected both of Tavarez's challenges and affirmed his conviction. *Id.* The Supreme Court denied Tavarez's petition for certiorari on March 21, 2011. *See Tavarez v. United States*, 131 S.Ct. 1713 (2011).

Now before the court is Tavarez's motion for post-conviction relief in which he challenges the lawfulness of his conviction. Counsel was appointed to represent Tavarez and the

Court conducted an evidentiary hearing on December 12, 2014. In reaching the conclusions of fact set forth below, this Court relied on the evidence of record in this case, the testimony presented at the December 12, 2014, hearing and Attorney Juval Scott's deposition testimony (dkt. 48).

## II. Discussion

The Court must grant a § 2255 motion when a petitioner's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. U.S.*, 83 F.3d 812, 816 (7th Cir. 1996). Relief under § 2255 is available only if an error is "constitutional, jurisdictional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. U.S.*, 113 F.3d 704, 705 (7th Cir. 1997) (quotations omitted).

Tavarez claims that he is entitled to relief under § 2255 because his counsel failed to provide effective assistance as guaranteed by the Sixth Amendment. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. This right to assistance of counsel encompasses the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or

omissions of his counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.*

For the reasons explained below each of Tavarez's specifications of ineffective assistance of counsel is without merit and his petition must be denied.

A. *Confidential Informant*

First, Tavarez asserts that his counsel failed to object to the evidence related to the confidential informant at trial and on appeal. At trial Officer Jeffrey Krider of the Indianapolis Metropolitan Police Department testified regarding controlled drug buys from Tavarez he conducted with a confidential informant. Krider also testified that the confidential informant had no pending criminal charges against her.

Tavarez argues that Officer Krider was allowed to present inadmissible hearsay on the part of the confidential informant and that his counsel was ineffective for failing to object to the admission of this evidence. But most of Krider's testimony regarding the confidential informant was not hearsay at all. Hearsay is an out of court statement presented to prove the truth of the matter asserted. *See* Fed.R.Evid. 801(b). The evidence related to the confidential informant centered around actions directly observed by law enforcement officers monitoring the informant. In other words, Officer Krider testified about actions of the confidential informant, not statements made by the confidential informant. For example, the officer testified that he observed the informant enter Mr. Tavarez's apartment and come out with methamphetamine. [Tr. 13-14]. Because this testimony was not hearsay, it was not ineffective for Tavarez's counsel not to object to it as hearsay. Tavarez does identify one statement by Officer Krider that included hearsay on the part of the confidential informant. Specifically, Officer Krider testified that the informant provided him with "information . . . that Mr. Tavarez was involved in the sale of

methamphetamine." But even if inadmissible hearsay was admitted and counsel should have objected to its admission, Tavarez has not shown that he was prejudiced by counsel's failure to object. The Seventh Circuit described the evidence against Tavarez as follows:

> The informant was seen going into Tavarez's apartment building for each controlled buy. A surveillance video introduced at trial showed the informant entering the building with Tavarez before the second controlled buy. Although it is undisputed that Tavarez shared his apartment with his girlfriend, nothing in the transcript indicates whether his girlfriend was or was not present in the apartment during either of the controlled buys. When law enforcement searched Tavarez's apartment, they discovered most of the buy money ($4,200) inside some men's suit jackets hanging in the master bedroom closet. Most important, Tavarez's fingerprint was found on one of the bags of drugs the confidential informant provided to law enforcement. From this evidence, it was reasonable to find beyond a reasonable doubt that the informant purchased methamphetamine from Tavarez as instructed, that Tavarez had left his fingerprint on the bag of drugs during the course of that sale, and that Tavarez had hidden the buy money in his own clothing for safekeeping.

*Tavarez*, 626 F.3d at 906. There was more than enough evidence, aside from the alleged hearsay statement, from which to convict Tavarez. *See United States v. Rea*, 621 F.3d 595, 606 (7th Cir. 2010) (finding that any error in the admission of hearsay statements harmless because there was ample other evidence against the defendant).

Tavarez also argues that his counsel was ineffective for failing to object to testimony that the confidential informant did not have any outstanding criminal charges against her. But, again, he has not shown how this statement was objectionable or how the failure to object to the admission of this statement prejudiced him.

B. *Search of Residence*

Next, Tavarez argues that his counsel was ineffective for not moving to suppress evidence obtained from the search of his residence. Tavarez asserts that he did not give voluntary consent to search his apartment, that the search was conducted without first obtaining a warrant, and that evidence obtained from the search should have been suppressed.

4

The evidence presented at Tavarez's trial was that Tavarez consented to the search of his apartment by law enforcement. [No. 1:08-cr-102-WTL-KPF-1, dkt. 56 p. 68, l. 13-23; p. 75, l. 15-25; p. 76, l. 1-25]. Tavarez now asserts in this § 2255 motion that he did not give consent to the search and the search was thus unlawful and the fruits of that search should be suppressed. Tavarez testified at the hearing on his § 2255 motion that he informed counsel that he never consented to the search. Attorney Scott testified at her deposition that Tavarez did not tell her that he did not consent to the search of his apartment. She also testified to her understanding that he gave the police the key to the apartment. [dkt 48 p. 11]. Attorney Scott also testified that she would never advise a client that a drug dealer does not have the right to refuse a search of his or her home. [dkt 48 p. 11-12].

Tavarez also argues that counsel was ineffective for failing to investigate and present his claim that a companion, "Hito," witnessed and recorded on a cellphone Tavarez's arrest and that "Hito" could confirm Tavarez's claim that no consent to the search was given. "When a petitioner alleges counsel's failure to investigate resulted in ineffective assistance, that petitioner has the burden of providing the Court with specific information as to what the investigation would have produced." *Hardamon v. United States,* 319 F.3d 943, 951 (7th Cir. 2003). Tavarez has made no such showing here. He asserts that this cell phone video would have shown that he did not consent to the search. But this assertion, not supported by any testimony by "Hito" or the video itself, is not sufficient to support his claim that counsel was ineffective for failing to obtain this evidence. Further, Attorney Scott testified at her deposition that Tavarez told her that a friend of his, "Hito" was a witness to the search and could provide information about the search. [dkt 48 at 9-10]. Attorney Scott tried to find Hito but was unable to and does not remember exactly what information Tavarez told her Hito would have about the search. [dkt 48 at 11].

Upon consideration of the evidence of record and the testimony elicited at the evidentiary hearing, this Court finds that Tavarez's testimony that he did not consent to the search of his apartment and that he informed counsel of this is not credible. Instead, this Court accepts the testimony of Attorney Scott and that presented at trial that Tavarez consented to the search and provided law enforcement with the key to his apartment.

"When an ineffective assistance claim is based on introduction of evidence obtained in alleged violation of the Fourth Amendment, the defendant must also prove, over and above his *Strickland* showing, 'that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence.'" *Johnson v. Thurmer*, 624 F.3d 786, 792 (7th Cir. 2010). Tavarez has demonstrated neither. Counsel is not ineffective for failing to file a motion to suppress that is without merit. *United States v. Nolan*, 910 F.2d 1553, 1564 (7th Cir. 1990).

### C. *Meaningful Adversarial Testing*

Tavarez next argues that his counsel failed to subject the government's case against him to meaningful adversarial testing. Tavarez asks the Court to apply the standard set forth in *United States v. Cronic,* 466 U.S. 648, 659 (1984), which holds that under certain circumstances, "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing," then prejudice is presumed. *See Cronic,* 466 U.S. at 659. There is no basis in the record or in Tavarez's arguments for this characterization. The *Cronic* standard is not applicable here; the *Strickland* standard is applicable. *Bell v. Cone,* 122 S. Ct. 1843 (2002) (*Cronic* standard not applicable to claim that defense counsel's decision to present no mitigation evidence or closing argument at the sentencing stage was not objectively unreasonable); *cf. Patrasso v. Nelson,* 121 F.3d 297, 303-04 (7th Cir. 1997) (applying the little-used *Cronic* standard where counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, counsel could be

6

adjudged ineffective without a showing of prejudice--and finding ineffective assistance at sentencing where counsel "made no effort to contradict the prosecution's case or to seek out mitigating factors").

D. *Investigation*

Tavarez also claims that his attorney failed to sufficiently investigate the facts and circumstances of his case. While it is true that counsel must investigate the facts surrounding the case against his or her client, *see Bruce v. United States*, 256 F.3d 592, 597-98 (7th Cir. 2001), Tavarez must demonstrate what could have been (but was not) uncovered and how that evidence would have affected the outcome of his trial. *See, e.g., United States ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1016 (7th Cir. 1987). Here, Tavarez asserts that his "ex-girlfriend is the only person that she could have possibly contacted to get information for this confidential informant." But Tavarez has not shown, beyond this speculation, that his ex-girlfriend could have provided this information. Further, at her deposition, Attorney Scott testified that she did attempt to locate the informant, but was unsuccessful. [dk 48 at 18].

E. *Cross-examination of Witnesses*

Tavarez also asserts that his counsel was ineffective in the cross-examination of the government's witnesses. With respect to cross-examination, "a wrong question, or series of them, in a criminal trial would seldom be considered as decisive elements of ineffective assistance." *Lane v. LeFarve*, 705 F. Supp. 88, 95 (N.D.N.Y. 1989), *aff'd*, 981 F.2d 277 (2d Cir. 1989). "Whether the cross-examination of a witness is perfunctory, and properly so, depends on the strategic judgment made in the tensions of a criminal trial." *Id*. Tavarez has not demonstrated any deficiency with respect to his counsel's cross-examination of witnesses and has not demonstrated "a reasonable probability that, but for his counsel's unprofessional errors, the result

of the proceeding would be different." *United States v. Pergler*, 233 F.3d 1005, 1011 (7th Cir. 2000).

### III. Conclusion

For the reasons explained above, Tavarez has failed to demonstrate a constitutional violation warranting collateral relief. The evidence of record and that presented at the December 12, 2014, hearing show conclusively that Tavarez is not entitled to the relief he seeks. Tavarez's counsel at sentencing and on appeal was competent. Accordingly, Tavarez's motion for relief pursuant to § 2255 is **denied**, and this action must be dismissed with prejudice. Judgment consistent with this Entry shall now issue.[1]

### IV. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Tavarez has failed to show that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 1/09/15

Distribution:

All electronically registered counsel

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**

---

[1] The **clerk shall docket** the Entry and Judgment in this action and in No. 1:08-cr-102-WTL-KPF-1.